tion. An individual presently charged with interstate gambling has previously suffered a conviction prior to the Court's decision in *Marchetti* for failure to register and pay the tax. Would the Government be able to introduce this previous conviction in the accused's post-*Marchetti* trial although the Court has determined that the statutory scheme under which this conviction was procured is unconstitutional? It appears that by joining the gambling offenses with the registration and tax offenses the Government has been able to utilize just such a procedure.

I would grant certiorari to resolve these issues.

No. 527. CURRY ET UX. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. *Nicholas J. Capuano* for petitioners. *Solicitor General Griswold* and *Assistant Attorney General Rogovin* for the United States.

No. 623. CALIFORNIA *v.* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO (COPELAND ET AL., REAL PARTIES IN INTEREST). Ct. App. Cal., 4th App. Dist. Certiorari denied. *Samuel N. Hecsh* for respondents Copeland et al.

No. 502. MORRISON *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied. MR. JUSTICE MARSHALL took no part in the consideration or decision of this petition. *William S. Thompson* for petitioner. *Solicitor General Griswold* for the United States.

No. 483, Misc. DENTINE *v.* NEW YORK. Ct. App. N. Y. Certiorari denied. *Saverio A. Muschio* and *Paul A. Victor* for petitioner. *Daniel J. Sullivan* for respondent.